[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11282

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DE ANNA MARIE STINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00343-SDM-AAS-1

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

De Anna Marie Stinson, proceeding pro se, appeals the district court's denial of her motion for compassionate release. She argues that the district court erred in denying her motion because she presented extraordinary and compelling reasons for compassionate release based on her asthma and poor living conditions and that the district court abused its discretion in determining that the 18 U.S.C. § 3553(a) factors did not favor her release.[1]

Before the First Step Act of 2018 ("First Step Act"), 18 U.S.C. § 3582(c)(1)(A) allowed the district court to reduce a prisoner's term of imprisonment upon motion of the Director of the BOP, after considering the factors set forth in § 3553(a), if it found that extraordinary and compelling reasons warranted such a reduction. 18 U.S.C. § 3582(c)(1)(A) (effective November 2, 2002, to December 20, 2018). The First Step Act amended § 3582(c)(1)(A) to allow the court to reduce a defendant's term of imprisonment also upon motion of the defendant, after the defendant has fully exhausted all

---

[1] We review de novo whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). After eligibility is established, we will review the district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *Id*. Pro se pleadings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.[2]  *See* First Step Act, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A).

A district court may grant compassionate release if: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the § 3553(a) factors weigh in favor of compassionate release.  *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021).  When the district court finds that one of these three prongs is not met, it need not examine the other prongs.  *Giron*, 15 F.4th at 1348.

Factors under § 3553(a) that the district court may consider include the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, protecting the public from the defendant's crimes, and adequate deterrence.  18 U.S.C. § 3553(a).  The district court need not address each of the

---

[2] We have held that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional but rather is a claim-processing rule.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  But we left open the question of whether the exhaustion requirement is mandatory in the sense that the court must enforce the requirement if the government raises it.  *See id.*  We decline to address that open question here because Stinson and the state dispute whether she exhausted her administrative remedies, and there is no need to resolve that dispute because we may affirm a district court "on any ground supported by the record."  *PDVSA US Litig. Trust v. LukOil Pan Americas LLC*, 65 F.4th 556, 562 (11th Cir. 2023).

§ 3553(a) factors or all the mitigating evidence. *Tinker*, 14 F.4th at 1241. An acknowledgment that the court considered all applicable § 3553(a) factors and the parties' arguments, along with "enough analysis that meaningful appellate review of the factors' application can take place," is sufficient. *Id.* at 1240–41 (quotation marks omitted). The weight given to any § 3553(a) factor is committed to the sound discretion of the district court. *Id.* at 1241. The "district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (quotation marks omitted).

In its order denying Stinson's motion for compassionate release, the district court held that "the Section 3553(a) sentencing factors weigh against her release." It then went on to discuss how 18 months of imprisonment for "a crime fundamentally incompatible with civilized society" would not properly address the various factors. It acknowledged Stinson's contrition but still held that the factors "weigh[ed] decisively against her release."

The court did not abuse its discretion in finding that an 18-month sentence for Stinson's murder-for-hire offense did not reflect the seriousness of the offense, promote respect for the law, provide just punishment, and protect the public from further

crimes despite her personal history and rehabilitation. Accordingly, we affirm.[3]

   **AFFIRMED.**

---

[3] We need not address Stinson's argument that the district court erred in finding her medical conditions and living conditions constituted extraordinary and compelling reasons for release under U.S.S.G. § 1B1.13 because we may affirm on the independent ground that the district court did not abuse its discretion in finding that the § 3553(a) factors weighed against her release.